**DI GIRONIMO et al. v. AMERICAN SEED CO.**

No. 11618.

United States District Court
E. D. Pennsylvania.

March 16, 1951.

796

Simon Lenson, Philadelphia, Pa., for plaintiffs.

Paul A. Mueller, Lancaster, Pa., and Frank F. Truscott, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiffs, a minor suing by his father and next friend, and the father and mother in their own rights, have brought this action to recover for injuries sustained by the minor from an air rifle pellet. The defendant had sold the air rifle to another minor, under the age of 16, who permitted a third boy, under the age of 17, to fire the rifle, the pellet striking the minor plaintiff. Defendant has moved to dismiss the complaint on the ground of the absence of causal connection between the negligent act alleged and the injury, and also on the ground of the running of the statute of limitations. Defendant further moves to require the plaintiff to set forth more definitely the age of the purchaser of the air rifle and of the boy who allegedly fired it.

Defendant argues that the fact that a third person, one other than the purchaser of the rifle, fired the gun broke any potential chain of causation between the alleged negligent act of the defendant and the injury. The act of the third person, it is urged, constituted an independent intervening act of negligence which superseded any negligence of the defendant as a cause of the harm. But the law of Pennsylvania is otherwise in the circumstances that exist in this case. Intervening human action, whether innocent or negligent, is not a superseding cause of harm which an actor's conduct is a substantial factor in bringing about, if such action ought to have been foreseen. Nelson v. Duquesne Light Co., 338 Pa. 37, 12 A.2d 299, 128 A.L.R. 1257; Mautino v. Piercedale Supply Co., 338 Pa. 435, 13 A.2d 51. See, Restatement of the Law of Torts, § 447. And it cannot be said now, on a motion to dismiss before trial, that the action of the third person was not foreseeable. Furthermore, "If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally

tortious or criminal does not prevent the actor from being liable for harm caused thereby." Restatement of the Law of Torts, § 449; see also, Pennsylvania Annotations. It cannot now be said that the likelihood of the third person's act was not a hazard that made defendant's conduct negligent. And if, as it appears, the sale of the air rifle was unlawful, it must be presumed that the intent of the legislature was that purchasing minors and innocent third persons should be protected against precisely such a hazard. Mautino v. Piercedale Supply Co., supra.

In arguing that the action is barred by the two year statute of limitations, 12 P.S. § 34, defendant maintains that the period of limitations should be computed from the time of the alleged negligent act of the defendant, that is, from the time of the sale of the air rifle. However, the statute specifically provides that in cases where the injury does not result in death the suit must be brought within two years "from the time when the injury was done and not afterwards". Furthermore, "It would seem elementary * * * that a cause of action cannot accrue until an injury is actually inflicted upon the person bringing the suit * * *." Foley v. Pittsburgh-DesMoines Co., 363 Pa. 1, 68 A.2d 517, 535. The minor plaintiff had no cause of action against the defendant on the date of the sale of the air rifle because he had not then been injured. If, as defendant suggests, the intervening time until the injury had been a matter of many years rather than, as here, a matter of a few months, that fact would bear not upon the problem of limitations but upon the problem of proximate cause. A right of action accrues only when injury is sustained by the plantiff, not when the causes are set in motion which ultimately produce an injury as a consequence. Pollock v. Pittsburgh Bessemer & Lake Erie R. R. Co., 275 Pa. 467, 119 A. 547, 26 A. L.R. 1232; Rudman v. City of Scranton, 114 Pa.Super. 148, 173 A. 892. So calculated, the statutory period of limitations has not run.

The motion to dismiss will be denied. However, the plaintiff will be required to amend his complaint to set forth the ages of the purchaser of the air rifle and of the boy who fired it.