637 A.2d 648

**Susan BODTKE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1993.

Filed Feb. 18, 1994.

Jeffrey A. Korostoff, Philadelphia, for appellant.

Erik L. Olsen, Willow Grove, for appellee.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the Order granting the Motion for summary judgment filed by appellee, State Farm Mutual Automobile Insurance Company.

Appellant queries whether the trial court erred in granting appellee's Motion for summary judgment because the medical provider involved did not seek reconsideration of the determination by the Peer Review Organization (PRO) pursuant to Section 1797(b) of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1797(b), thus barring appellant's cause of action. She also asserts that the determination of the PRO that her medical treatment was not related to the accident in question falls outside the scope of Section 1797(b)(1).

We find that the Opinion of the trial court written in support of its Order granting appellee's Motion for summary judgment has properly addressed both issues before us. We

also find that our decision in *Terminato v. Pennsylvania National Insurance Company*, 422 Pa.Super. 92, 618 A.2d 1032 (1993), upon which the trial court relies to dispose of the first issue, is controlling.

█ Appellant posits her argument that the trial court erred in granting appellee's Motion on the basis that the provision in question, 75 Pa.C.S.A. § 1797(b)(2), reads that a provider *may* request reconsideration of a PRO determination. Thus, she argues, the provider's failure to do so here does not bar her cause of action because the word *"may "* in the statute is to be interpreted as permissive rather than mandatory. It is true that pursuant to Section 1797(b)(2) a provider may request reconsideration of a PRO determination. Notwithstanding this permissive language, however, appellant conveniently omits reference to other pertinent language in the statute which rebuffs her argument. Section 1797(b)(4) does provide a forum for judicial review, albeit in a narrowly defined circumstance which is not present here. This section reads in pertinent part:

> A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which *the insurer has not challenged before a PRO.*

Emphasis supplied.

The parties do not dispute that appellee has submitted the claim for services of appellant's provider to a PRO. Therefore, pursuant to our holding in *Terminato, supra*, appellant's or the provider's only resort to a forum for judicial review of a matter submitted to a PRO for consideration is to first request reconsideration within the thirty day statutory period. From an unfavorable decision by the PRO upon reconsideration, the aggrieved party may then plead his/her/its case to the courts. *Terminato, supra.* An aggrieved party cannot resort to a court of record if the claim has been presented to a PRO for determination, as here, without first having requested recon-

sideration by the PRO. Thus, the trial court was correct in granting appellee's Motion for summary judgment on this basis.

■ Having decided this issue against appellant, it is not necessary to entertain appellant's second claim that the decision of the PRO was outside the scope of Section 1797(b). However, the trial court has addressed this issue in footnote two of its Opinion, and correctly so. *See* Opinion, p. 3. Appellee has attached as an exhibit to its Motion for summary judgment a copy of its letter to the medical provider in question which states that the provider's claim for payment was denied by the PRO on the basis that "services rendered relating to the shoulder are not loss related and would not be covered under this accident." We agree "that [the PRO's determination that] certain injuries treated were not related to the accident is simply another way of stating that they were not medically necessary". *Id.*, note 2. Therefore, the PRO's decision comports with, rather than overreaches, its statutory obligation here.

■ Appellant has failed to file any counter-exhibits or counter-affidavits with her Answer to the Motion for summary judgment which would dispute the scope of the PRO's decision or the necessity of initially requesting reconsideration but, rather, has chosen to rest solely upon the allegations contained in her Answer to appellee's Motion. Pennsylvania Rule of Civil Procedure 1035, which governs the filing and disposition of Motions for summary judgment, provides in subsection "(d)" in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, *summary k41H judgment,* if appropriate, shall be entered against him.

*See also, e.g., Atkinson v. Haug,* 424 Pa.Super. 406, 622 A.2d 983 (1993). Although the failure to submit counter-exhibits or counter-affidavits does not automatically insure the grant of summary judgment, the Motion will be granted if the moving party's evidence dispels the existence of any genuine issue of material fact. Id. We find that appellee's evidence of submission of the claim to the PRO, the PRO's determination of the non-necessity of the medical procedure and the failure of appellant to request reconsideration as provided by the statute in question refutes the existence of any genuine issue of material fact, thus making the grant of summary judgment in this case proper.

Order affirmed.[1]

FORD ELLIOTT, J., files a concurring opinion.

FORD ELLIOTT, Judge, concurring.

While I join in the majority's decision, I write separately to address the majority's conclusion as to the proper scope of a Peer Review Organization's (PRO) decision.

I agree with the majority in its analysis of appellant's procedural missteps in failing to first request a reconsideration by the PRO before seeking redress in court. That issue is clearly controlled by this court's recent decision *Terminato v. Pennsylvania National Insurance Co.,* 422 Pa.Super. 92, 618 A.2d 1032 (1993). However, the majority chooses to further address the issue as to whether the PRO's decision was outside the scope of Section 1797(b). Therefore, I feel compelled to offer a brief response.

I cannot agree "that [the PRO's determination that] certain injuries treated were not related to the accident is simply another way of stating that they were not medically necessary." Majority memorandum at 3. Section 1797(b)(1) specifically provides that the evaluation of a PRO "shall be for the purpose of confirming that such treatment, products, services

1. The correct citation to the case of *Lubowitz v. Albert Einstein Med. Center, Inc.,* cited by the trial court on page two of its Opinion is 424 Pa.Super. 468, 623 A.2d 3 (1993).

or accommodations conform to. the professional standards of performance and are medically necessary." I do not equate either of these functions with causation and coverage under an insurance policy. Whether treatment is medically necessary for a specified injury is an entirely different issue from whether that injury is causally related to the accident and therefore covered under the applicable policy of insurance. On this latter issue, I believe appellant is still entitled to her day in court.

Any further discussion of this issue would be premature at this stage, given that the matter was only addressed in *dictum* by the majority. The scope of the language of Section 1797(a) is certainly an issue that this court will soon have to address once the proper procedural steps are taken to bring the issue squarely before us.