685 A.2d 169

**Nathan FREY, a minor, BY AND THROUGH his parents, Richard and Eleanor FREY, and Richard and Eleanor Frey, in their own right, Appellants,**

**v.**

**John SMITH, a minor, BY AND THROUGH his mother, Valerie SMITH, and Valerie Smith and Charles Struts and Michael Praul, a minor, by and through his parents, Michael and Cindy PRAUL, and Michael and Cindy Praul, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1996.

Filed Nov. 8, 1996.

244

246

Mel D. Kardos, Newtown, for appellants.

John J. Barr, Willow Grove, for Praul, appellees.

Before DEL SOLE, BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order granting appellees' preliminary objections in the nature of a demurrer and dismissing three counts of appellants' complaint, with prejudice. On appeal, appellants contend the following: (1) The lower court improperly granted appellees' preliminary objections, with prejudice; and, (2) Pursuant to Pennsylvania Rule of Civil Procedure 1033, the lower court should have permitted appellants to amend their complaint in order to avoid demurrer. We reverse.

The pertinent facts as alleged in appellants' complaint are as follows: On or before November 1, 1994, appellee Michael

Praul, a minor, gave an air gun to appellee John Smith, a minor.[1] On November 1, 1994, John Smith shot appellant Nathan Frey, a minor, in the right eye with a pellet from the air gun. As a result of the shooting, Nathan Frey suffered serious and permanent injury.

Nathan Frey and his parents, Richard and Eleanor Frey, filed their complaint on June 7, 1995. Count One of their complaint alleged that John Smith was negligent in his use of the air gun and that his negligence was the proximate cause of Nathan Frey's injury. Count Two of their complaint alleged that John Smith's parent, Valerie Smith, was negligent and failed to exercise due care in that she knew or should have known that her minor son possessed an air gun. Count Three of their complaint alleged that Michael Praul, the minor who gave the air gun to John Smith, was negligent and that his negligence was the proximate cause of Nathan Frey's injury. Count Four of appellants' complaint alleged that Michael Praul's parents, Michael and Cindy Praul, negligently supervised their son's use of the air gun and that their negligence was the proximate cause of Nathan's injury. Count Five of the complaint alleged that Richard and Eleanor Frey had incurred various expenses related to their son's injury.

On November 23, 1995, John Smith and his mother, Valerie Smith, settled with appellants and filed a joint tortfeasor release. On June 15, 1995, Michael Praul and his parents filed preliminary objections to appellants' complaint. On October 12, 1995, the lower court entered an order granting appellees' preliminary objections, and dismissed Counts Three and Four of the complaint with prejudice. On October 24, 1995, appellants filed a Motion For Reconsideration requesting the lower court to reverse its October 12, 1995 order or, in the alternative, permit them to amend their complaint. On April 1, 1996, the lower court entered an order denying appellants' Motion and also dismissed Count Five of their complaint, with prejudice. The lower court would not permit appellants to amend their complaint. This appeal followed.

1. An air gun is also known as a B–B gun.

[At the outset, we note that] our standard of review in an appeal from an order sustaining preliminary objections in the nature of a demurrer is the same as that which the trial court employs: all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for purposes of review. However, we cannot accept as true conclusions of law. The question presented by the demurrer is whether, on the facts averred, the law says with *certainty* that no recovery is possible. A demurrer should be sustained only in cases where the plaintiff has *clearly* failed to state a claim on which relief may be granted. A demurrer should not be sustained if there is *any doubt* as to whether the complaint adequately states a claim for relief under any theory.

*Sevin v. Kelshaw,* 417 Pa.Super. 1, 611 A.2d 1232, 1235 (1992) (citations omitted) (emphasis added). With our standard of review in mind, we now look at the specific portions of appellants' complaint which are at issue, namely, Counts Three, Four and Five.

As previously stated, in Count Three of their complaint, appellants averred that Michael Praul (Michael), the minor who gave the air gun to John Smith (John), was negligent.[2] In this case, we are *not* confronted with the question of Michael's liability for the tortious conduct of John. On the contrary, we are determining whether Michael by his own conduct was guilty of negligence, and whether, if negligent, his negligence was the proximate cause of Nathan's injury. The "gist" of the liability sought to be imposed is that Michael was negligent in permitting a highly dangerous instrumentality to be placed "in the hands" of a minor who did not know how to handle the instrumentality.[3] After reviewing

**2.** The four elements necessary to establish a cause of action in negligence are: "a duty or obligation recognized by law; breach of that duty by the defendant; causal connection between the defendant's breach of that duty and the resulting injury; and actual loss or damage suffered by the complainant." *Reilly v. Tiergarten, Inc.,* 430 Pa.Super. 10, 633 A.2d 208, 210 (1993) (citation omitted).

**3.** We note that our supreme court has recognized the dangers associated with air guns. *Sherk v. Daisy–Heddon,* 498 Pa. 594, 450 A.2d 615

the record and the applicable law, we find that appellants have pled sufficient facts from which the finder of fact could conclude that Michael's act of giving the air gun to John without instruction was negligence, that John's firing of the air gun was not an intervention which broke the chain of causation between Michael's negligence and the injury which occurred, and that John's firing of the air gun was a natural and probable result to be anticipated from the original negligence.

■ The Restatement (Second) of Torts § 308 (1965) provides, in relevant part, that "it is negligent to permit a third person to use a thing . . . which is under the control of the actor if the actor knows or should know that such person intends or is likely to use the thing . . . in such a manner as to create an unreasonable risk of harm." Comment (b) to Section 308 states that "[t]he rules applies . . . if the actor knows that the third person intends to misuse it, or if the third person's known character or the peculiar circumstances of the case are such as to give the actor good reason to believe that the third person may misuse it." Our supreme court has interpreted Section 308 and Comment (b) to require that an owner of a weapon owes a duty to all people who might suffer harm or injury from the weapon's discharge and this includes harm inflicted by a third person if the owner "knew or had reason to know that such person was likely to use the weapon in such a manner as to create an unreasonable risk of harm." *Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395, 403 (1957).

Here, the complaint averred that Michael, who was experienced in the handling of air guns, permitted John to use the air gun without providing him instruction on how to use it. The complaint also averred that Michael knew that John did not know how to operate the air gun but that Michael permitted him to use it anyway. From the complaint, it can be inferred that John planned to use the air gun and that while

(1982). We further note that it is unnecessary for us to determine whether the air gun in this case was a dangerous instrumentality as a matter of law. Such an allegation in the complaint is sufficient to say that a jury could reasonably conclude that an air gun is a dangerous instrumentality as is alleged.

using it he would come into contact with other minors, i.e. Nathan. It can also be inferred from the complaint that appellants believe that the air gun was a dangerous instrumentality which was under Michael's control.

We find that assuming the facts as averred are true, the finder of fact could infer that Michael, the owner of the gun, knew or should have known that John was likely to use the weapon in such a manner as to create an unreasonable risk of harm. In addition, the finder of fact could infer that Nathan was a person who might suffer harm if John were to use the air gun in a negligent manner. Accordingly, from the facts as averred, the finder of fact could conclude that Michael owed a duty to Nathan because his actions exposed Nathan to a risk of injury which was reasonably foreseeable.

Having found that appellants' complaint alleged sufficient facts from which the finder of fact could conclude that Michael owed a duty to Nathan, we must next determine whether the complaint alleged sufficient facts to conclude that Michael's actions were the proximate cause of Nathan's injuries. Michael argues that even if it is established that he owed a duty to Nathan, it can be said with certainty that his actions were not the proximate cause of Nathan's injury because John's firing of the air gun was a superseding cause. We disagree.

An exception to the general rule that a tortfeasor is responsible for his negligence may be provided by an intervening act if that act constitutes a superseding cause. *Corbett v. Weisband,* 380 Pa.Super. 292, 551 A.2d 1059 (1988). "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Corbett,* 551 A.2d at 1073 (citing Restatement (Second) of Torts § 440). The controlling rule of law in Pennsylvania regarding the law of proximate causation and negligent intervening acts is set forth in Section 447 of the Restatement (Second) of Torts (1965). *Harvey v. Hansen,* 299 Pa.Super. 474, 445 A.2d 1228 (1982); *Estate of Flickinger v. Ritsky,* 452 Pa. 69, 305 A.2d 40 (1973).

This section outlines the circumstances under which a negligent intervening act is *not* a superseding cause. *Corbett, supra.* Section 447 provides the following:

> The fact that an intervening act of a third person [here John] is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's [here Michael's] negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

From this statement of the law, it is easily seen that an intervening negligent act will not be a superseding cause relieving the original negligent actor from liability if that actor at the time of his negligent act should have realized that another person's negligence might cause harm; or, if a reasonable man would not regard the occurrence of the intervening negligence as highly extraordinary; or, if the intervening act is not extraordinarily negligent. "[Moreover], [w]hat the original actor should have realized and what a reasonable man would say was highly extraordinary are, of course, fact questions which must in the majority of the cases be left to the jury." *Harvey,* 445 A.2d at 1234.

Here, Michael's liability turns on whether John's intervening act was a normal or foreseeable consequence of the situation created by Michael's negligence. Appellants have asked this Court to assume, for this motion only, that Michael was experienced in the handling of air guns, that Michael knowingly put an air gun into the hands of John, who was inexperienced in the handling of such guns, that Michael knew or should have known that John was going to use the air gun while other minors were present and that the air gun was a

252

dangerous instrumentality. From the facts averred, we find
that the finder of fact could conclude that Michael's giving of
the air gun to John without instruction was not so unforesee-
able or divorced from the ultimate injury as to relieve Michael
of liability.

We note that our decision is supported by the United
States District Court for the Eastern District's decision in *Di
Gironimo v. American Seed Co.*, 96 F.Supp. 795 (1951).[4] In
*Di Gironimo,* the federal court addressed a situation striking-
ly similar to that in this case. There, a minor and his parents
brought an action to recover for injuries sustained by the
minor from an air rifle pellet. The defendant sold the air rifle
to another minor who then permitted a third minor to fire the
rifle, whose pellet struck the minor plaintiff. The defendant
moved to dismiss the complaint on the ground that there was
no casual connection between his act of selling the air rifle to
another minor and the negligent act of the shooter. Specifi-
cally, the defendant argued that the fact that a third person,
one other than the purchaser of the rifle, fired the gun, the
potential chain of causation between the alleged negligent act
of the defendant and the injury was broken. The federal
court disagreed with the defendant's argument and it held the
following:

> The act of the third minor, it is urged, constituted an
> independent intervening act of negligence which superseded
> any negligence of the defendant as a cause of harm. But
> the law of Pennsylvania is otherwise in the circumstances
> that exist in this case. Intervening human action, whether
> innocent or negligent, is not a superseding cause of harm
> which an actor's conduct is a substantial factor in bringing
> about, if such action ought to have been foreseen. And, it

**4.** While we are not bound by the federal court's conclusion and inter-
pretation of Pennsylvania's negligence law, we find the federal court's
reasoning in *Di Gironimo* to be persuasive, and, accordingly, we shall
apply it to this case. *See Commonwealth v. Parker*, 422 Pa.Super. 393,
619 A.2d 735 (1993) (state appellate courts are not bound by federal
courts' conclusions of law).

cannot be said now . . . that the action of the third person was not foreseeable.

*Di Gironimo*, 96 F.Supp. at 796 (citations omitted).

Applying the aforementioned rules to this case, we find that the trial court erred in holding that from the facts averred it could be said with certainty that John's firing of the air gun was a superseding cause of Nathan's injury, thereby relieving Michael of liability.[5] Accordingly, we find that the lower court erred in granting appellees' preliminary objection as to Count Three of appellants' complaint because the complaint sufficiently stated a cause of action for negligence against Michael.

Appellants next argue that the lower court erred in dismissing Count Four of their complaint. In Count Four, appellants averred that Michael's parents, Michael and Cindy Praul, were negligent. Appellants do not argue that Michael's parents are vicariously liable for their son's tortious conduct. Rather, they argue that Michael's parents are liable for their own acts in relation to the air gun. Specifically, appellants argue that Michael and Cindy Praul were negligent in failing to supervise Michael's conduct in relation to the air gun, i.e., permitting their son to give the air gun to John. The lower court held that from the facts averred it was clear that Michael and Cindy Praul owed no duty to Nathan to supervise Michael's conduct and that their actions were not the proximate cause of Nathan's injuries. We disagree.

It is well-settled in this Commonwealth that the mere relation of parent and child imposes upon the parents no liability for the torts of their child, but the parents may be liable where the negligence of the parents makes the injury possible. *Maxwell v. Keas*, 433 Pa.Super. 70, 639 A.2d 1215 (1994). "If an injury inflicted by a child is the natural and probable result of the parents' negligence, the parents have

---

5. In *Di Gironimo*, the defendant seeking dismissal sold the air gun to another minor. That minor later gave the air rifle to a third person, who then shot the plaintiff in the eye. Here, Michael gave the air gun to John, who then shot Nathan in the eye. As can clearly be seen, the defendant's conduct in *Di Gironimo* was even more remotely connected to the plaintiff's injury than Michael's conduct was in this case.

breached a duty owed to the injured child and his parents."
*Johnson v. Walker,* 376 Pa.Super. 302, 545 A.2d 947, 949
(1988) (citation omitted). Furthermore, if the injury might
ought to have been foreseen by the parents, their negligence
is the proximate cause of the injury. *Maxwell, supra.*

Here, the complaint averred that Michael and Cindy
Praul permitted their son's unsupervised possession of a dan-
gerous instrumentality, an air gun. Assuming that the finder
of fact were to conclude that the air gun was a dangerous
instrumentality in this case and that the Prauls permitted the
unsupervised use of the air gun by their son, we find that the
complaint was sufficient to state a cause of action for negligent
supervision by the Prauls. Clearly, the finder of fact could
conclude that it ought to have been reasonably foreseen by the
Prauls that if they allowed a minor to possess an air gun
without supervision, the air gun would eventually "find its way
into the hands of another minor." The finder of fact could
also conclude that it ought reasonably to have been foreseen
by the Prauls that subsequent minors who possessed their
son's air gun could be inexperienced in using the gun. In
addition, if the Prauls negligently supervised their son's use of
the air gun, the finder of fact could conclude that the natural
and probable result of the Prauls' negligence could be that
another minor would gain possession of the gun and would
misuse it. Accordingly, we find that the lower court erred in
concluding that the complaint failed to state a claim of negli-
gence in regard to Michael and Cindy Prauls' actions, and,
therefore, the lower court erred in dismissing Count Four of
appellants' complaint.

Appellants next contend that the lower court erred in
dismissing Count Five of their complaint. In Count Five,
Richard and Eleanor Frey averred that they had incurred
various expenses related to their son's injury. Specifically,
the Freys sought reimbursement for medical expenses and
rehabilitative physical therapy expenses. They also sought
damages for the loss of support from their son. Having
determined that appellants stated a claim of negligence

against Michael Praul and his parents, we find that the lower court erred in dismissing Count Five of the complaint seeking damages. *See Dougherty v. McLaughlin,* 432 Pa.Super. 129, 637 A.2d 1017 (1994) (tortfeasor is liable for damages that are reasonably foreseeable consequences of his action).

"While the law provides no magic formula by which the sufficiency of a plaintiff's complaint can be ascertained, the law is clear that a demurrer can only be granted in a case free from doubt. In this regard, we hold that the lower court misapplied the law to the facts." *Leach v. Hough,* 352 Pa.Super. 213, 507 A.2d 848, 852 (1986) (citation omitted). In other words, any doubt should have been resolved by the lower court in refusing to enter a demurrer. This did not occur. Therefore, because we cannot state with certainty that the law will not permit appellants to recover on the basis of their allegations against appellees, we reverse the lower court's order sustaining appellees' preliminary objections in the nature of a demurrer. We note that our decision does not indicate any "conclusions as to what the decision should be when and if all of the facts are developed. We merely rule that on the present state of the record, demurrer should not have been sustained." *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623, 626 (1970).[6]

We reverse and remand for proceedings consistent with this opinion. Jurisdiction is relinquished.

---

6. In light of our foregoing discussion, it is unnecessary for us to determine whether the lower court should have permitted appellants to amend their complaint in order to avoid demurrer.