## Wenger v. Shank

C.P. of Lancaster County, no. 1856 of 1996.

*Gabriella Hashem Farhat,* for plaintiff.
*Mark T. Riley,* for defendant.

ALLISON, *J.,* August 11, 1997—This opinion is written in support of the court's decision to grant defendants' motion for partial summary judgment.

This action arises as a result of allegations concerning sexual molestation of the minor plaintiff by the minor defendant on two separate occasions. Plaintiffs allege that molestation occurred, once while minor defendant was babysitting the minor plaintiff at plaintiffs' home on November 4, 1994, and once on a prior undetermined date while minor plaintiff was attending daycare in defendants' home.

Plaintiffs allege in Count I of the complaint that the negligence of Celeste Shank resulted in the harm allegedly suffered by minor plaintiff. In Count II of the complaint, plaintiffs allege that the negligence of both Celeste Shank and Steven Shank resulted in the harm allegedly suffered by minor plaintiff. Plaintiffs allege in Count IV of the complaint that 23 Pa.C.S. §5504 imposes liability on defendants Celeste Shank and

Steven Shank. Counts III and V relate to defendant Candice Shank and are not the subject of the instant motion.

The purpose of the Summary Judgment Rule "is to pierce the pleadings and to assess the proof in order to determine whether there is a genuine need for a trial." *Curran v. Philadelphia Newspapers Inc.,* 497 Pa. 163, 177, 439 A.2d 652, 658 (1981). A party is entitled to summary judgment when an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action which would require the issues to be submitted to a jury. Pa.R.C.P. 1035.2(2). An adverse party may not rest on the allegations or denials of the pleadings but must file a response identifying evidence in the record establishing the facts essential to the cause of action which the motion cites as not having been produced. Pa.R.C.P. 1035(a). Failure to adduce such evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996).

With regard to liability for the tortious conduct of their children, the general rule is that the mere relation of parent and child imposes no liability upon parents. *Frey v. Smith,* 454 Pa. Super. 242, 685 A.2d 169 (1996). Exceptions to the general rule exist in that parents may be liable where the act of a child is done as the agent of the parents or is the result of independent negligence of the parent. *Condel v. Savo,* 350 Pa. 350, 39 A.2d 51 (1944). Independent negligence may be found where the parents have notice of a dangerous habit of a child and fail to protect others from the danger. *Id.*

In accordance with the rule, defendants argue that partial summary judgment is appropriate as to defen-

dants Celeste Shank and Steven Shank because plaintiffs have produced no evidence showing either that the defendants had notice of a dangerous propensity of Candice Shank from which they failed to protect the minor plaintiff or that Candice Shank was acting as an agent for the defendants when the incidents are alleged to have occurred. We agree.

Plaintiffs must respond to defendants' motion for summary judgment by identifying one or more issues of fact arising from evidence in the record. Pa.R.C.P. 1035.3(a)(1). Plaintiffs' response identifies no evidence which establishes issues of fact regarding either defendants' notice of their daughter's alleged dangerous propensity or the existence of a master/servant or principal/agent relationship between defendants and their daughter.

Plaintiff next argues that summary judgment is inappropriate because requests for admissions served on defendants are still outstanding. A motion for summary judgment is premature where discovery relevant to the motion is not complete. Pa.R.C.P. 1035.2(2). Our review of the admissions served on defendants reveals that none of the admissions sought, if granted, would establish that plaintiffs knew of their daughter's alleged dangerous propensity prior to the incident alleged to have occurred on November 4, 1994, or that a master/servant or principal/agent relationship existed between the plaintiffs and their daughter. There is no discovery relevant to the motion yet to be completed.

Finally, plaintiff argues that 23 Pa.C.S. §5504(d) imposes statutory liability on parents for the willful torts of their children. This appears to be an accurate interpretation of the statute.

Accordingly, we enter the following:

ORDER

And now, August 11, 1997, upon consideration of defendants' motion for summary judgment and the briefs submitted by the parties, it is hereby ordered and decreed that the motion is granted in part and denied in part as follows:

Count I: Granted.

Count II: Granted.

Count IV: Denied; liability shall be limited in accordance with 23 Pa.C.S. §5505.