## Hice v. Prudential Insurance Co.

C.P. of Westmoreland County, no. 1954 of 1996.

*Wesley T. Long*, for plaintiff.
*John B. Cromer*, for defendant.

LOUGHRAN, *J.*, September 23, 1997—On February 20, 1991, the plaintiff, Richard G. Hice, was injured in a motor vehicle accident, which resulted in his suffering serious injuries which required medical treatment. After submitting all of his medical bills to his first-

party benefits carrier, Prudential Insurance Company, Prudential forwarded the plaintiff's records to Dr. Narni R. Giri M.D., for the purpose of conducting a peer review to determine the medical reasonableness and necessity of the treatments provided to plaintiff following the February 20, 1991 automobile accident.

On or about December 12, 1996, Dr. Giri issued a medical report, setting forth his opinion that a cervical spine surgery rendered to the plaintiff was both reasonable and necessary, however, that the injury was not related to the February 20, 1991 automobile accident. Dr. Giri further indicated that his opinion was based upon documents provided by Prudential, and that his review was conducted without a medical examination of the plaintiff.

Following the issuance of Dr. Giri's peer review report, Prudential denied payment of plaintiff's medical bills. Plaintiff filed a complaint seeking payment of all outstanding medical bills, as well as punitive damages for bad faith denial of his claim, pursuant to 42 Pa.C.S. §8371.

Defendant has filed preliminary objections, arguing that bad faith damages under 42 Pa.C.S. §8371 are not available to plaintiff seeking dismissal of Count II of plaintiff's complaint and striking of plaintiff's request for attorney's fees.

In 1990, Act 6 was added to the Pennsylvania Motor Vehicle Financial Responsibility Law, which delineates the peer review procedures available to an insurance company to properly challenge the reasonableness and necessity of medical treatment received by an insured. 75 Pa.C.S. §1797(b) provides, in pertinent part, as follows:

"Section 1797(b) Peer review plan for challenges to reasonableness and necessity of treatment.—

"(1) Peer review plan—Insurers shall contract jointly or separately with any peer review organization established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. An insurer's challenge must be made to a PRO within 90 days of the insurer's receipt of the provider's bill for treatment or services or may be made at any time for continuing treatment or services."

Section 1797(b) further provides that in the event that the Peer Review Organization determines that the treatment received by the insured was medically necessary, the insurer's duty to pay the outstanding bills to the provider is mandatory.

Nothing in the language of either section 1797(b) or Act 6 vests a Peer Review Organization with the ability or power to determine whether the injuries sustained by an insured are causally related to any particular accident.

Act no. 6 also added section 8371 to the Judicial Code. Section 8371 provides that if a court finds that the insurer acted in bad faith toward the insured in any action arising under an insurance policy, a court may (1) award interest in an amount equal to the prime rate of interest plus 3 percent of the amount of the claim from the date the claim is made, (2) award punitive damages, and (3) assess court costs and attorney's fees.

Section 8371, on its face, applies to any actions arising under an insurance policy. A suit for first-party medical benefits is an action arising under an insurance policy. Consequently, plaintiff contends that he is entitled to recover punitive damages under section 8371 if he can

show that the insurance company acted in bad faith in denying his claims for first-party medical benefits.

Sections 1716, 1797(b) and 1798 of the Motor Vehicle Financial Responsibility Law include remedies that apply when an insurance company unreasonably denies benefits which include counsel fees, interest and triple damages. These are separate remedies from those of section 8371 of the Judicial Code.

The defendant contends that plaintiff's claims under section 8371 do not apply to claims of the insured under the Motor Vehicle Financial Responsibility Law and that claims under section 8371 are barred by the application of the appropriate remedy sections of the Motor Vehicle Financial Responsibility Law. (75 Pa.C.S. §§1716, 1797, 1798.)

In support of its preliminary objections, Prudential cites *Bodtke v. State Farm Mutual Automobile Insurance Co.,* 432 Pa. Super. 31, 637 A.2d 648 (1994); *Barnum v. State Farm Mutual Automobile Insurance Co.,* 430 Pa. Super. 488, 635 A.2d 155 (1993); *Kempka v. State Farm Mutual Automobile Insurance Company,* 77 West. L.R. 119 (1995) and *Herring v. Nationwide Insurance Company,* no. 8414 of 1992 (West. 1993).

The *Bodtke* and *Barnum* decisions were reversed and accordingly cannot be relied upon to grant the preliminary objections of Prudential. Also, as *Kempka* relied upon *Barnum,* that decision is not persuasive to the results of this opinion. The additional Westmoreland County case of *Herring* contains no appellate authority and, in the opinion of this writer, isn't necessarily dispositive of these issues and is not convincing to this court.

The opinion and reasoning set forth in *Knox v. Worldwide Insurance Group,* 140 P.L.J. 185 (1992); *Pierce v. State Farm Insurance Co.,* 27 D.&C.4th, 464 (1994)

and *Grove v. Aetna Casualty & Surety Co.,* 855 F. Supp. 113 (W.D. Pa. 1993), represent the views of this writer and are viewed as the better approach to these matters. To hold otherwise would permit a peer review to determine causation and thereby improperly permit an insurer to rely upon and deny claims, based upon an opinion that has no express statutory authority.

See Judge Wettick's opinion in *Knox, supra* at page 189 which states:

"Whether or not the treatment was related to the automobile accident is not an issue for which section 1797(b) provides peer review evaluations. For the reasons set forth in I.B. of this opinion, I conclude that section 1797(b) does not bar bad faith claims under section 8371 for a denial of coverage which is based on findings of a peer review organization on issues for which there is no provision for a peer review under section 1797(b).

"In summary, section 1797 seeks to encourage insurance companies to utilize peer review where it questions medical bills on the grounds that the insured did not need the treatment or that the insured received treatment that did not conform to accepted medical standards. This purpose is achieved by awarding only compensatory damages to the insured who in court proceedings successfully challenges a finding of the peer review organization that the treatment was not medically necessary or that it failed to conform to accepted medical standards. However, section 1797 does not seek to encourage insurance companies to utilize peer review for any other issues. Consequently, an insurance company cannot insulate itself from a bad faith claim under section 8371 simply by showing that it relied on a finding of a peer review organization on any other issues."

102

The well-reasoned opinion of Judge Wettick in the *Knox* decision aforementioned, as well as the reasoning in the other two decisions, leaves no doubt that the remedies of 42 Pa.C.S. §8371 of the Judicial Code and 75 Pa.C.S. §§1716, 1797 and 1798 of the Motor Vehicle Financial Responsibility Law can coexist and the plaintiff is entitled to the remedy package that provides the greatest relief. An insurance company cannot declare itself harmless by insulating itself from a bad faith claim, or by claiming it relied upon a peer finding which delves into matters of which the Peer Review Organization has no statutory authority.

Accordingly, defendant's preliminary objections will be denied.

## ORDER

And now, to wit, September 23, 1997, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the preliminary objections of Prudential Insurance Company are denied.