## DeFazio v. Nationwide Mutual Insurance Co.

*Jill J. Miller* and *Romilda Crocamo,* for plaintiff.
*Neil F. MacDonald,* for defendant.

MUNLEY, *J.*, December 18, 1997—Before the court for disposition is the defendant's preliminary objection to the plaintiff's amended complaint. The plaintiff is Kathleen DeFazio, and the defendant is the Nationwide Mutual Insurance Company. Oral argument has been heard and briefs submitted.

The facts surrounding the instant objection are as follows: The plaintiff was involved in an automobile accident on December 18, 1995. Plaintiff alleges she suffered personal injuries from the accident, including right ulnar entrapment, post-traumatic cervical disc herniation with radiculapathy and cervical radicular headaches. The plaintiff has undergone treatment for the injuries with various health care providers, including surgery performed on September 19, 1996, by William A. Black Jr. M.D. She is still under medical treatment. Plaintiff was insured by Nationwide Mutual Insurance Company at the time of the accident.

Defendant has made payments for some of the plaintiff's treatment. However, it has denied payment of the bills incurred relating to the September 1996 surgery. The defendant bases its refusal to pay these bills on a records review performed by Dr. Alan Sirokham of Independent Medical Consultants Inc., a comprehensive

peer review organization, certified by the Commonwealth of Pennsylvania. Dr. Sirokham, upon review of the claim, concluded that the surgery was not related to the December 1995 accident.

Plaintiff filed a complaint in Lackawanna County Court of Common Pleas in May of 1997, alleging that the defendant breached its insurance contract in failing to pay for the medical expenses surrounding the surgery. In June of 1997, an amended complaint was filed asserting a bad faith claim[1] against the defendant for using the records review performed many months after the surgery as a basis for denying payment. Plaintiff further alleges that the defendant's records review request was not in compliance with the Motor Vehicle Financial Responsibility Law §1797 (75 Pa.C.S. §1797 (Purdon's 1997)). The defendant thereafter filed the instant preliminary objection to plaintiff's amended complaint in the nature of a demurrer contending that the bad faith count fails to state a cause of action upon which relief may be granted.

The law with respect to preliminary objections is well settled and provides as follows: "[A]ll material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, are admitted as true for purposes of review. However, we cannot accept as true conclusions of law. The question presented by the demurrer is whether, on the facts averred, the law says with *certainty* that no recovery is possible. A demurrer should be sustained only in cases where the plaintiff has *clearly* failed to state a claim on which

---

1. If a court finds that an insurer has acted in bad faith toward the insured, it may: (1) award interest on the amount of the claim; (2) award punitive damages against the insurer; and/or (3) award the insured court costs and attorney fees. 42 PaC.S. §8371 (Purdon's 1997).

relief may be granted. A demurrer should not be sustained if there is *any doubt* as to whether the complaint adequately states a claim for relief under any theory." *Frey by Frey v. Smith by Smith,* 454 Pa. Super. 242, 248, 685 A.2d 169, 171 (1996).

In the present case, the defendant asserts that the bad faith count of the plaintiff's amended complaint fails to state a cause of action for which relief may be granted since current Pennsylvania law holds that bad faith liability cannot be based upon a PRO review concluding that medical treatment was not related to an accident. The plaintiff maintains that no controlling case law exists and that the PRO review went beyond statutory boundaries in determining that the medical treatment was not related to the accident and a bad faith claim is thus proper. After a careful review of the matter, we are in agreement with the plaintiff.

At the outset, we must examine the extent of the PRO's statutory authority. The law provides that:

"Insurers shall contract jointly or separately with any peer review organization [PRO] established for the purpose of evaluating treatment, health care services, products or accommodations provided to any injured person. Such evaluation shall be for the purpose of confirming that such treatment, products, services or accommodations conform to the professional standards of performance and are medically necessary. . . ." 75 Pa.C.S. §1797(b)(1) (Purdon's 1997).

Thus, the plain language of the statute indicates that the proper subject of a peer review is to determine if treatment conformed to professional standards and whether it was medically necessary. Nothing in the statute confers power on the PRO to determine causation of the injury. However, defendant cites the case of *Bodtke v. State Farm Mutual Automobile Insurance Co.,*

432 Pa. Super. 31, 637 A.2d 648 (1994), *reversed,* 540 Pa. 540, 659 A.2d 541 (1995), for the proposition that a PRO's determination regarding relation of the injury to the accident is simply another way of stating that treatment was not medically necessary. Such a decision by a PRO, the defendant contends, is in compliance with the statute rather than overreaching it.

We feel that defendant's reliance on *Bodtke* is misplaced. First, the relevant language in *Bodtke* is merely dicta. Second, the case was reversed by the Supreme Court and remanded to the trial court for disposition consistent with *Terminato v. Pennsylvania National Insurance Co.*, 538 Pa. 60, 645 A.2d 1287 (1994). The *Terminato* court addressed the present issue in this manner: "Terminato has also challenged whether a PRO is authorized to review treatment for its causal connection to an automobile accident. We need not address this issue at this time . . . ." *Id.* at 68 n.1, 645 A.2d at 1291 n.1. Accordingly, since defendant cites no other appellate cases addressing this issue, and our research has uncovered none, we have no appellate authority on which to rely.

We find no reason to grant the defendant's demurrer. The defendant's PRO clearly went beyond the statutory authority when it made a determination as to the causation of the injury as opposed to the medical necessity thereof. Causation and necessity are clearly two separate determinations. See *Grove v. Aetna Casualty & Surety Co.*, 855 F. Supp. 113, 114 (W.D. Pa. 1993) (medical necessity is distinct from the issue of causation and nowhere in section 1797 is the PRO given the authority to determine causation). The legislature has provided that a PRO shall provide only conclusions on medical necessity and whether treatment comported with professional standards. Nothing in the statute provides that

the PRO can make a determination as to causation, however, that is what was done in this case. According to the plaintiff's complaint, the allegations of which we must accept as true, the PRO made this determination at the request of the defendant. The defendant then denied the benefits to the plaintiff based on the PRO's conclusion. A claim for bad faith is thus adequately set forth in plaintiff's complaint.

We would further like to note that while we have no appellate authority on which to rely, several trial courts have decided the issue with which we are presented and come to the same conclusion. See for example, *Pierce v. State Farm Insurance Co.*, 27 D.&C.4th 464 (C.P. Lackawanna County 1994). In *Pierce*, the Honorable S. John Cottone, addressed the identical issue with which we are presented. We are in full agreement with Judge Cottone's well-reasoned opinion, in which he stated:

"In closing, we believe that plaintiff should be allowed to proceed under section 8371 and the MVFRL. Disallowing plaintiffs to go forward under section 8371 because their medical claims were given to a PRO for review, would remove from the courts their responsibility of providing the insured (and medical services professionals) a forum for bad faith claims whenever the PRO system is involved—even if the PRO system is invoked improperly. The net effect of this would be that the PRO system would serve as an umbrella under which insurance companies could always be insulated from section 8371 sanctions. Section 8371 is designed to protect the insured from bad faith on the part of the insurance providers, irrespective of whether or not the bad faith action occurs after the insurance company chooses to use the PRO system." *Id.* at 470

Defendant makes a further argument in which it alleges that peer review is not the exclusive form of review available to the insurer and that the MVFRL does not provide an exhaustive list of acceptable forms of review. We need not address this argument. While the defendant may be correct in its assertions, the assertions themselves are irrelevant. As noted above, when deciding preliminary objections, we must accept as true the facts as alleged by the plaintiff. In this case, the plaintiff alleges that the defendant submitted the records to the PRO for a review of the relation of the treatment to the accident and that this is not the proper subject for peer review. Accordingly, any assertions by the defendant that peer review is not the exclusive method of review available is irrelevant.

For the above reasons, we find that the defendant's preliminary objection to the plaintiff's first amended complaint, must be denied. An appropriate order follows.

### ORDER

And now, to wit, December 18, 1997, the defendant's preliminary objection to the plaintiff's first amended complaint is hereby overruled.