**Russen v. Palmyra Township-Pike County**

C.P. of Pike County, no. 260-1996.

*Bruce Zero*, for plaintiff.
*Lori Cerato,* for Hawley.

THOMSON, *P.J.,* June 18, 1999—This opinion addresses the motion for summary judgment filed by Gary and Karrie Kirchner to the personal injury action filed by Maria Russen. For the aforementioned reasons we find in favor of the defendants and grant their motion for summary judgment.

## FACTS

This case arises out of an automobile accident which occurred on February 25, 1994.[1] On that date, at approximately 8:40 a.m. the plaintiff was operating her vehicle in the 700 block of Church Street, in the Borough of

---

1. We note that this factual summary is nearly identical to the one provided by plaintiff in their brief.

Hawley, Wayne County, Pennsylvania, whereupon Lynn Updegrove, while operating the Ford F600 plow truck owned by Palmyra-Pike County, which was proceeding in the opposite direction on said Church Street, swerved into the opposite lane of traffic in order to avoid the parked car owned by the defendants, causing the plaintiff to take evasive action in an attempt to avoid a collision, which, in turn, caused the plaintiff's vehicle to strike a mound of ice and snow on the side of the roadway, as a result of which the plaintiff sustained severe and permanent injuries set forth in plaintiff's complaint. The vehicle which was owned by the defendants was partially parked in the roadway on Church Street. Parking is prohibited on Church Street, via a borough ordinance, between 2 a.m. and 6 a.m. The defendants' vehicle had been parked on Church Street in such a manner that snow engulfed almost the entire vehicle.

## DISCUSSION

The issue in the instant case is whether the facts of the case as averred by plaintiff give rise to a genuine issue of material fact allowing for a denial of defendants' motion for summary judgment. The Pennsylvania Rules of Civil Procedure provide that:

"Rule 1035.2. Motion

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

A court should not decide issues of fact when resolving motions for summary judgment; instead, they should merely determine whether any genuine issues of material fact exist. *E.g., Boring v. Erie Insurance Group,* 434 Pa. Super. 40, 43, 641 A.2d 1189, 1190 (1994). In other words, in reviewing motion for summary judgment a court must examine the record in light most favorable to the nonmoving party, resolving all doubts in favor of the nonmoving party. *E.g., White v. Owens-Corning Fiberglas Corp.,* 447 Pa. Super. 5, 17, 668 A.2d 136, 142 (1995), *appeal denied,* 546 Pa. 648, 683 A.2d 885 (1996). In resolving all doubts in favor of the nonmoving party, a court must give the nonmoving party the benefit of all reasonable inferences to be drawn from all well-pleaded facts relevant to the issues raised in the pleadings. *E.g., Goldberg v. Delta Tau Delta,* 418 Pa. Super. 207, 211, 613 A.2d 1250, 1252 (1993), *appeal denied,* 534 Pa. 639, 626 A.2d 1158 (1992). The burden is on the party moving for summary judgment to prove that no genuine issues of material fact exist. *E.g., Butterfield v. Giuntoli,* 448 Pa. Super. 1, 11, 670 A.2d 646, 651 (1995), *appeal denied,* 546 Pa. 635, 683 A.2d 875 (1996).

Now, we must apply the principles of summary judgment motion to the law of negligence, as it is the cause of action in this case. In order for a party to establish a cause of action for negligence, a party must aver "(1) a duty or standard of care; (2) a breach thereof; (3) proxi-

mate causation; [and] (4) actual damages." *E.g., Carlotti v. Employees of General Electric Federal Credit Union,* 717 A.2d 564, 567 (Pa. Super. 1998). In this case, the only disputed elements of a basic action for negligence are that of the existence of a breach of a duty of care and that of proximate causation.

"In order to hold a defendant liable for injuries sustained by a plaintiff, it must be shown that the defendant breached a duty of obligation recognized by the law, which required him to conform to a certain standard of conduct for the protection of persons such as the plaintiff." *Merritt v. City of Chester,* 344 Pa. Super. 505, 508, 496 A.2d 1220, 1221 (1985), citing *Macina v. McAdams,* 280 Pa. Super. 115, 120, 421 A.2d 432, 434 (1980). "Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of the risk and the public interest in the proposed solution." *Cruet v. Certain-Teed Corp.,* 432 Pa. Super. 554, 558, 639 A.2d 478, 479 (1994); *Brandjord v. Hopper,* 455 Pa. Super. 426, 688 A.2d 721 (1997).

"The test for proximate causation is whether a defendant's acts or omissions were a substantial factor in bringing about [a] plaintiff's harm." *Blum v. Merrell Dow Pharmaceuticals Inc.,* 705 A.2d 1314, 1316 (Pa. Super. 1997). "[A] cause can be found to be substantial so long as it is significant or recognizable; [thus,] it need not be quantified as considerable or large." *Jeter v. Owens-Corning Fiberglas Corp.,* 716 A.2d 633, 636 (Pa. Super. 1998). Furthermore, factors which a court can use to determine if an act is a substantial factor in causing a plaintiff's harm include (1) the number of other factors which contribute in producing the harm and extent of the effect

which they have in producing it, (2) whether the defendant's conduct created a force or series of forces that are in continuous and active operation up to the time of the harm, or has created a situation that is harmless unless acted upon by other forces for which the actor is not responsible, and (3) lapses of time. Restatement (Second) of Torts §433; *Talarico v. Bonham,* 168 Pa. Commw. 467, 474-75, 650 A.2d 1192, 1195-96 (1994).

Another issue on the subject of proximate causation is the intervention of a superseding cause. A superseding cause is an act of a third person or other force which by its intervention prevents an actor from being liable for harm to another for which the third party's antecedent negligence is a substantial factor in creating. Restatement (Second) of Torts §440; *Frey v. Smith,* 454 Pa. Super. 242, 685 A.2d 169 (1996), *appeal denied,* 549 Pa. 437, 700 A.2d 441 (1997). An intervening negligent act will not be a superseding cause relieving the original negligent actor from liability if that actor at the time of his negligent act should have realized that another person's negligence might cause harm, or if a reasonable man would not regard the occurrence of the intervening negligence as highly extraordinary, or if the intervening act is not extraordinarily negligent. *Id.* at 250, 685 A.2d at 173; Restatement (Second) of Torts §447.

In the instant case, the relevant facts of the case are largely undisputed. Defendants' car was parked on the opposite side of the road from the plaintiff's lane of travel. A snowplow going in the opposite direction from plaintiff's direction of travel moved toward the center of the road to avoid defendants' parked car. The maneuvering of the snowplow toward the center of the road caused the plaintiff to veer to the right, leading to plaintiff's

collision with a snow mound. It is also undisputed that at the time of the accident the defendants had their car parked legally.

Plaintiff makes the following alternative arguments in her brief in opposition to defendants' motion for summary judgment:

"Since defendants' vehicle was obviously parked illegally for quite some time it is apparent that they violated the parking ordinance of the Borough of Hawley and as such, were negligent per se. In the alternative, the moving defendants were negligent in that Church Street could not be plowed appropriately due to the illegal[ly] parked vehicle to clear all lanes of travel. Since there is a question as to when and when not the vehicle was present on Church Street, this results in genuine issues of material fact for trial." (*Id.* at 5.)

Under the circumstances of this case, this court cannot find the defendants breached any duty of care to plaintiff nor did they proximately cause plaintiff's injury. Plaintiff's theory of negligence, as summarized above, focuses on the averment that the defendants' car was parked in violation of an ordinance at the time of the accident. However, defendants had their car parked legally on the roadway. There is no question the vehicle was parked legally because the time of the accident is unquestioned, which was at a time when parking was permissible. Thus, defendants breached no duty of care in the parking of their vehicle.

Even if plaintiff's averment that the car was parked illegally at some time before the incident is true, the car at the time of the incident was legally parked. The time

of the accident was the only relevant time to compare a violation of the parking ordinance to the actions of defendants for the purposes of plaintiff's cause of action. Thus, there are no genuine issues of material fact that enable plaintiff to establish negligence in that defendants violated no duty of care.

Any fault for the injuries to plaintiff lies either with the snowplow driver or the plaintiff, even if one found defendants to be negligent in some way. The possible fault with either party being their inability to control their vehicles under the conditions in which they were driving. The condition the defendants' car created in being parked along the roadway was harmless and not a substantial factor in the accident. Thus, the acts of the other parties in this case superseded the acts of the defendants. Therefore, we cannot find the defendants were the proximate cause of plaintiff's injuries. In that the defendants were not the proximate cause of plaintiff's alleged injuries, the court cannot find the defendants to be found negligent.

For the aforementioned reasons, we issue the following order:

## ORDER

And now, June 18, 1999, upon consideration of the defendants Gary and Karrie Kirchner's motion for summary judgment, the briefs thereto, and the argument thereon, the court hereby grants the defendants' motion. Accordingly, judgment is entered in favor of the defendants, Gary and Karrie Kirchner.