**Thomas J. EVANKO, Appellant.**

v.

**MANAGEMENT & TRAINING CORPORATION.**

No. 08–2060.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on May 14, 2009.

Filed: May 6, 2010.

Charles R. Pedri, Esq., Pedri Law Office, Hazleton, PA, for Appellant.

Michael J. Domanish, Esq., Thomas J. Kelley & Associates, Moosic, PA, for Management & Training Corporation.

---

\* Honorable Nora Barry Fischer, United States District Judge for the Western District of

Before: AMBRO and ROTH, Circuit Judges and FISCHER \*, District Judge.

## OPINION

ROTH, Circuit Judge:

Thomas Evanko has sued Defendant Management and Training Corporation, operator of the Keystone Job Corps facility, for negligence arising from injuries he suffered when three students left the facility without permission and one of them struck him in the face. The District Court granted summary judgment in favor of Defendant, holding that it owed no duty of care to Evanko. Evanko has timely appealed and argues genuine issues of material fact existed.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a grant of summary judgment is plenary. *Nationwide Mut. Ins. Co. v. Riley,* 352 F.3d 804, 806 n. 3 (3d Cir.2003). We will affirm.

A plaintiff alleging negligence "must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff and the plaintiff suffered an actual loss or damage." *Brisbine v. Outside In Sch. of Experiential Educ., Inc.,* 799 A.2d 89, 93 (2002) (quoting *Brezenski v. World Truck Transfer, Inc.,* 755 A.2d 36, 40 (2000)). "Generally, there is no duty to control the acts of a third party unless the 'defendant stands in some special relationship' " either to the third party actor or to the injured person. *Id.* at 93 (quoting *Brezenski,* 755 A.2d at 40). Pennsylvania law limits the "special relationship" duties to the four recognized in the Restatement (Second) of Torts: (1) a

Pennsylvania, sitting by designation.

parent's duty to control a child; (2) a master's duty to control a servant; (3) the duty of a possessor of land to control a licensee; and (4) the duty of those in charge of an individual with dangerous propensities to control the individual. *See* Restatement (Second) of Torts §§ 316–319 (1965). Only the first and last of these relationships are potentially applicable to the facts of the instant case.

As the District Court observed, there is no "special relationship" under the applicable Restatement sections—and, thus, no duty—unless the defendant knew or should have known that the third party actor was likely to cause injury. *See Frey By and Through Frey v. Smith By and Through Smith,* 454 Pa.Super. 242, 685 A.2d 169, 174 (1996) ("[I]f the injury [inflicted by a child] ought to have been foreseen by the parents, their negligence is the proximate cause of the injury."); *see also* Restatement (Second) of Torts § 319 (1965) ("One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.").

Here, on the record presented, no reasonable jury could conclude that Evanko's injury was foreseeable to Defendant. The student who struck Evanko had a clean criminal record, and though he had committed a number of minor infractions while at the facility, none of those infractions evidenced a tendency to commit violent or criminal behavior. The histories of the other two students are of no moment, since they did not cause any injury to Evanko. Finally, though Evanko attempts to portray the Keystone Job Corps as a detention or incarceration facility, we agree with the District Court that he failed to produce any evidence to support a finding that the students are a "special class" of dangerous individuals.

Accordingly, we will affirm the judgment of the District Court.